NO. 07-01-0285-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 12, 2002



______________________________




IN THE INTEREST OF D.R.P.



AND T.W.P., CHILDREN



_________________________________



FROM THE 69
TH DISTRICT COURT OF DALLAM COUNTY;



NO. 9593; HONORABLE RON ENNS, JUDGE



_______________________________






BEFORE BOYD, C.J., and REAVIS and JOHNSON, JJ.



 Appellant Sharon Parson appeals from a judgment rendered based upon a jury verdict
involuntarily terminating her parental rights to her two children, D.R.P. and T.W.P. Presenting
four issues, Parson contends (1) the trial court erred in denying her motion for new trial and
in failing to grant an evidentiary hearing with a court reporter to consider her motion, (2) there
was insufficient evidence to support a finding that termination of the parent-child relationship
was in the children's best interest, (3) there was insufficient evidence to support a finding that
Parson knowingly placed or knowingly allowed the children to remain in conditions or
surroundings which endangered the physical or emotional well-being of the children, and (4)
there was insufficient evidence to support a finding that Parson engaged in conduct or
knowingly placed the children with persons who engaged in conduct which endangered the
physical or emotional well-being of the children. (1) Based upon the rationale expressed herein,
we affirm.

 Parson gave birth to D.P. in June 1995, and T.P. was born three years later. When
Parson became addicted to cocaine in the summer of 1999, she was charged with a
misdemeanor and reports of child neglect were made to authorities, including the Texas
Department of Protective and Regulatory Services (the Department), who validated several
allegations of parental neglect. In October 1999, the Department discovered that Parson's
plumbing was not working, the toilet was broken and waste was being disposed of on the floor
in a small bucket, the heat was not working, and found Parson's home to be hazardous to the
health and safety of her children. Parson also acknowledged that on various occasions, she
left the children home alone. 

 The Department filed its original petition for termination in October 1999, and in
December 1999, filed a Family Service Plan which, among other things, set goals that Parson
should (1) stop criminal acts and stay out of jail, (2) participate in supervised visitation every
Monday, (3) seek employment to support her children, (4) participate in an eleven week
parenting class, (5) obtain a psychological evaluation, (6) locate and maintain appropriate
housing, and (7) participate in random urine analysis. One month following receipt of the
plan, Parson was charged with forgery of a check and the children remained in foster care. 
In May 2000, Parson agreed to enter a Restitution Center in Beaumont. When Parson was
released from the center in December 2000, she returned to Dalhart for a short time. 
However, in January 2001, she went back to Beaumont. Except for telephone conversations,
until the time of trial in April 2001, Parson did not initiate contact with the children while they
remained in foster care.

 After the Department filed its fourth amended petition, the trial court signed
interlocutory orders terminating the parent-child relationship between the children and their
father, Dennis Love, and another individual named Alfred Vigil, Jr. Jury trial commenced on
April 23, 2001, as to Parson's parental rights. Upon conclusion of the evidence, without any
objections to the charge, the trial court submitted appropriate and separate questions to the
jury as to whether


 Parson knowingly placed or knowingly allowed D.P. or T.P. to remain in
conditions or surroundings which endangered their physical or emotional
well-being;
 Parson had engaged in conduct or knowingly placed D.P. and T.P. with
persons who engaged in conduct which endangered their physical or
emotional well-being;
 Parson constructively abandoned D.P. and T.P., with appropriate
instructions; or
 Parson failed to comply with the provisions of a court order that
specifically established the actions necessary for her to obtain the
return of her children.



By its charge, the trial court also instructed the jury that the evidence must also demonstrate
by clear and convincing evidence that termination of the parent-child relationship would be
in the best interest of the children, and provided the jury with nine factors they could consider
in addition to other factors. Based upon the jury's answer that the parent-child relationship
between Parson and her children should be terminated, the trial court signed its order
terminating Parson's parental rights on April 27, 2001. 

 By her first issue, Parson contends the trial court erred in denying her motion for new
trial and by failing to grant an evidentiary hearing with a court reporter present to consider the
newly discovered evidence presented in her motion for new trial. We disagree. To prevail
on this issue, Parson was required to demonstrate by affidavit:

 (1) that the evidence had come to her knowledge since the time of trial or so
late in the trial that it was impossible to present the evidence before the trial
closed;

 (2) that it was not because of a lack of due diligence that the evidence did not
come sooner;

 (3) that the evidence is not cumulative or impeaching; and

 (4) that the evidence is so material that it would probably produce a different
result in a new trial. 


See Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983); see also In Re Thoma, 873
S.W.2d 477, 512 (Tex.Rev.Trib. 1994).

 Parson's motion for new trial was based on the affidavit of her attorney and an affiant
named Jennifer King. According to the affidavit of the attorney, he was not present when the
alleged newly discovered evidence was obtained, but otherwise swore that the facts in the
motion for new trial were correct. As relevant here, the affidavit of Jennifer King states in
part: 

 On April 27, 2001, I spoke with Jolie Trujillo, a juror in the above-referenced
cause regarding the jury deliberations, facts and evidence presented at said
case. Also present at that time was Mary Olivarez, a teacher for the Head
Start Program at the Dalhart Elementary School. In the course of my
conversation with Jolie Trujillo and Mary Olivarez, Ms. Olivarez stated that
Stacey Przilas, a witness at this trial, had misrepresented that facts regarding
[D.P.]. Ms. Olivarez also stated that Ms. Przilas not only placed [D.P.] in the
"time out" room when he would become angry and unmanageable, but also
closed the door and shut out the lights, leaving [D.P.] alone in a pitch black
room.


Jennifer King's affidavit is insufficient to support a motion for new trial because the alleged
statement of Ms. Olivarez referenced therein is nothing more than a report of an unsworn
statement made by Ms. Olivarez and does not state that the statements were true and within
the affiant's personal knowledge. See Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex.
1994). Also, the alleged "strong basis for impeachment" argument presented in the motion
is not controlling because the third element discussed in Thoma, 873 S.W.2d at 512, prohibits
consideration of newly discovered evidence for purposes of impeachment. Moreover,
because the conduct of Ms. Przilas, who was a witness at trial, was not an issue to be
determined by the jury, the fourth element of materiality in Thoma is not met. Finally, we also
notice that the alleged newly discovered evidence of placing D.P. in the "time out room"
applied to him only and not to his brother T.P. Accordingly, issue one is overruled. 

 Before considering Parson's remaining issues, we first review the applicable law and
standard of review. The natural right existing between parents and their children is one of
constitutional dimension. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Consequently,
termination proceedings must be strictly scrutinized. In Interest of G.M., 596 S.W.2d 846,
846 (Tex. 1980). A termination decree is complete, final, irrevocable, and divests for all time
that natural right as well as all legal rights, privileges, duties, and powers with respect to each
other except for the child's right to inherit. Holick, 685 S.W.2d at 20. In proceedings to
terminate the parent-child relationship brought under section 161.001 of the Family Code, the
petitioner must establish one or more acts or omissions enumerated under subsection (1) of
the statute, and must additionally prove under subsection (2) that termination of the
parent-child relationship is in the best interest of the child. Tex. Fam. Code Ann. § 161.001
(Vernon Pamph. Supp. 2002). Both elements must be established, and proof of one element
does not relieve the petitioner of the burden of proving the other. See Holley v. Adams, 544
S.W.2d 367, 370 (Tex. 1976). (Emphasis in original). 

 Termination of parental rights is of such weight and gravity; thus, due process requires
the petitioner to justify termination by clear and convincing evidence. Tex. Fam. Code Ann.
§ 161.001 (Vernon Pamph. Supp. 2002); In Interest of G.M., 596 S.W.2d at 847. This
standard is defined as that measure or degree of proof which will produce in the mind of the
trier of fact a firm belief or conviction as to the truth or the allegations sought to be
established. In Interest of G.M., 596 S.W.2d at 847. Although the clear and convincing
burden of proof required at the trial level is well settled, appellate courts have struggled to
reconcile this burden of proof with the standard for appellate review of the sufficiency of
evidence. As this Court has previously noted, the clear and convincing standard does not
alter the rules generally applicable when appellate courts review factual findings. In Interest
of R.D.S., 902 S.W.2d 714, 716 (Tex.App.--Amarillo 1995, no writ). Further, as the trier of
fact, it was the function of the jury to weigh the evidence, draw inferences from the facts, and
choose between conflicting inferences. Ramo, Inc. v. English, 500 S.W.2d 461, 467 (Tex.
1973). In reviewing a challenge to the factual sufficiency of the evidence, we must consider,
weigh, and examine all of the evidence of record. Plas-Tex, Inc. v. U.S. Steel Corp., 772
S.W.2d 442, 445 (Tex. 1989). An appellate court should only set aside a finding if the
evidence which supports the finding is so weak as to be clearly wrong and manifestly unjust. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 

 By her second issue, Parson contends the evidence was insufficient to support a
finding that termination of the parent-child relationship was in the best interest of the children. 
We disagree. Although the term "best interest of the child" is not defined in section161.001,
in connection with that question, the trial court instructed the jury that among other factors,
they could consider (1) the desire of the children; (2) the emotional and physical needs of the
children now and in the future; (3) the emotional and physical danger to the children now and
in the future; (4) the parenting ability of the individuals seeking custody; (5) the programs
available to assist those individuals to promote the best interest of the children; (6) the plans
for the children of those individuals or by the agency seeking custody; (7) the stability of the
home or proposed placement; (8) the acts or omissions of the parent that may indicate that
the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or
omissions of the parent. See Holley, 544 S.W.2d at 371-72. Questions that inquire about
a parent's actions, omissions, or conduct are generally demonstrated by direct or objective
evidence. Although a determination of the "best interest" may also be based on direct or
objective evidence, i.e., physical abuse, beatings, starvation, and the like, the "best interest"
factors are not always subject to being shown by direct evidence. Instead, a "best interest"
determination may also be based on circumstantial evidence, subjective factors, and the
totality of the evidence as a whole. In Interest of S.H.A., 728 S.W.2d 73, 86
(Tex.App.-Dallas 1987, writ ref'd n.r.e.).

 By her argument, Parson focuses on the absence of psychological or medical
testimony directed to the "best interest" question. However, she overlooks her addiction to
cocaine and that she acknowledged leaving the children home alone on numerous occasions. 
She testified that she used drugs in the home and on occasion, left the children with persons
whom she knew used drugs. Further, she testified that she had failed to keep the children's
immunizations current, and by her fact statement, she acknowledged that the Department
validated several allegations of parental neglect against her. Considering the record as a
whole, we conclude the evidence which supports the jury finding is not so weak as to be
clearly wrong and manifestly unjust, and is sufficient to support a finding that termination of
the parent-child relationship between Parson and her children, D.P. and T.P., is in the best
interest of the children. Issue two is overruled. 

 By her third and fourth issues, Parson challenges the factual sufficiency of the
evidence to support the jury's finding that she knowingly placed or allowed the children to
remain in conditions or surroundings which endangered their physical or emotional well-being,
or to support a finding that she engaged in conduct or knowingly placed the children with
persons who engaged in conduct which endangered their physical or emotional well-being. 
However, because Parson does not challenge the sufficiency of the evidence to establish the
remaining two grounds submitted in the charge, i.e., constructive abandonment of the children
or her failure to comply with the provisions of a court order that specifically established the
actions necessary for her to obtain the return of her children, see §161.001 (1)(N) or (O), the
jury's answer to the broad form question submitted without objection will be upheld if any of
the grounds for termination support it. In Interest of D.L.N., 958 S.W.2d 934, 937 (Tex.App.--Waco 1997, pet. denied). Having overruled issue two on the basis that termination of the
parent-child relationship was in the best interest of the children, our consideration of issues
three and four is pretermitted. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.


1. By supplemental brief, Parson elaborates on her arguments in support of issues one
and three.