Danny HUMPHREYS, Harlan Holiner and State Farm Mutual Automobile Insurance Company, Relators,

v.

The Honorable Neil CALDWELL, Respondent.

No. 94–0896.

Supreme Court of Texas.

Nov. 3, 1994.

Rehearing Overruled Jan. 12, 1994.

John K. Dunlap, Gary D. Lykins, Benton Jordan Barton, Dallas, for relators.

Mark A. Ticer, Dallas, for respondent.

PER CURIAM.

In this discovery mandamus, we consider whether the trial court abused its discretion in ordering the production of certain documents. Because a majority of the Court

concludes that the trial court abused its discretion in ordering Relators to produce a file containing privileged documents, we conditionally grant the writ.

An automobile accident occurred between Jill Mullinax and Charlotte Farley in January 1991. Mullinax was insured by State Farm and represented by State Farm claims adjustors Danny Humphreys and Harlan Holiner. Farley sued Mullinax in Dallas County; the parties settled before trial. However, while her suit against Mullinax was pending, Farley filed the underlying lawsuit in Matagorda County, alleging that State Farm, Humphreys, and Holiner engaged in bad faith and unfair settlement practices under Article 21.21 of the Texas Insurance Code. State Farm filed a motion for summary judgment on the basis that Farley, a third party, lacked standing and a cause of action; the trial court overruled this motion.

During discovery, Farley requested the production of information that State Farm alleges is privileged or otherwise exempt from discovery. First, Farley requested production of State Farm's claims file, which contains documents relating to the accident and lawsuit between Mullinax and Farley. Second, Farley requested responses to interrogatory no. 18 which asks State Farm to identify all lawsuits in Texas which involved similar claims within the last five years and interrogatory no. 22 which asks State Farm to explain each and every complaint against Defendants. Third, Farley requested production of the personnel files of Humphreys and Holiner. In its response to Farley's motion to compel, State Farm included four affidavits of Clarence Jones, State Farm's Claims Superintendent, which assert numerous grounds for exempting this information from discovery.

The first hearing on the motion to compel was held in September 1993. The trial court and the parties relied only upon the pleadings, affidavits, and arguments of counsel. After the hearing, counsel were unable to agree on the scope of the trial court's ruling. At that time, State Farm submitted the claims file to the trial court for *in camera* review. The trial court held a second hearing in May 1994, but the court considered only arguments of counsel. On June 20, 1994, the trial court ordered State Farm to produce the claims file and the personnel files and to provide answers to the interrogatories for three, rather than five, years.

■ State Farm argues that Farley has no cause of action under this Court's decision in *Allstate Insurance Co. v. Watson*, 876 S.W.2d 145 (Tex.1994), and that discovery propounded in support of defective claims is void and of no effect. Essentially, State Farm is attempting to appeal the denial of its motion for summary judgment. We refuse to consider this argument since the denial of a summary judgment is interlocutory and not appealable. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980).

■ A party who seeks to exclude any matter from discovery on the basis of an exemption or immunity from discovery, must specifically plead the particular exemption or immunity relied on and produce evidence supporting such claim in the form of affidavits or live testimony at a hearing. Tex. R.Civ.P. 166b(4); *Braden v. Downey*, 811 S.W.2d 922, 927 (Tex.1991). The burden is on the party asserting a privilege from discovery to produce evidence concerning its applicability. *Peeples v. Honorable Fourth Supreme Judicial Dist.*, 701 S.W.2d 635, 637 (Tex.1985). State Farm proffered evidence consisting of the four affidavits of Clarence Jones and the claims file submitted for *in camera* review. However, as discussed below, the affidavits are of no probative value.

■ An affidavit which does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex.1975). The affidavits before us state that the affiant's statements are based on his "own personal knowledge and/or knowledge which he has been able to acquire upon inquiry" and, hence, fail to unequivocally show that they are based on personal knowledge. Additionally, the affidavits provide no representation whatsoever that the facts disclosed therein are true. Because of these defects, the affi-

davits are legally invalid and cannot serve as evidence in support of State Farm's claims of privilege.

■ The affidavits constitute State Farm's only evidence for excluding the personnel files and interrogatories no. 18 and 22 from discovery. Thus, we cannot say that the trial court abused its discretion in granting Farley's motion to compel with respect to these matters.

■ The claims file, however, was reviewed by the trial court *in camera* and constitutes independent evidence substantiating State Farm's claim of attorney work product privilege.[1] The claims file includes memoranda and correspondence prepared by Mullinax's attorney in connection with the suit between Mullinax and Farley. It is evident from the face of these documents that they meet all requirements of attorney work product privilege because they were (1) prepared by Mullinax's attorney or his agents, (2) in anticipation of trial, and (3) contain the attorney's mental processes, conclusions, or legal theories. *See National Tank Co. v. Brotherton,* 851 S.W.2d 193, 200 (Tex.1993); *National Union Fire Ins. Co. v. Valdez,* 863 S.W.2d 458, 460 (Tex.1993). It is irrelevant that many of these documents were prepared in connection with the suit between Farley and Mullinax rather than the underlying suit since the work product privilege is of continuing duration. *Owens–Corning Fiberglas Corp. v. Caldwell,* 818 S.W.2d 749, 751–52 (Tex.1991).

Thus, the trial court abused its discretion in ordering the production of the entire claims file since a review of its contents clearly reveals that many of the documents contained therein are attorney work product. Furthermore, State Farm has no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992). Accordingly, a majority of the Court grants Relators' motion for leave to file and, without hearing oral argument, conditionally grants the writ of mandamus, directing the trial court to vacate its order with respect to the claims file. *See* Tex.R.App.P. 122. The trial court is instructed to review the claims file to reconsider the applicability of the work product privilege and to order production of documents contained therein in a manner consistent with this opinion. Only in the unlikely event that the trial court fails to do so, the clerk is ordered to issue the writ.

---

1. We note that State Farm failed to prove that the claims file was protected by the attorney-client communications privilege. Without consideration of the affidavits, there is no evidence that the communications between Mullinax's attorney and State Farm were not intended to be disclosed to third parties. *See Giffin v. Smith,* 688 S.W.2d 112, 114 (Tex.1985).