**Traci L. SHANNON and David R. Procelle, Relators,**

v.

**The Honorable John DEVINE, Judge of the 190th District Court, Harris County, Texas, Respondent.**

No. 01–96–00107–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 28, 1996.

---

Mel Smith, Houston, Mary E. Morrison, Houston, for relators.

Michael T. Sprague, Houston, for respondent.

Before MIRABAL, HEDGES and TAFT, JJ.

## OPINION

PER CURIAM.

Traci L. Shannon and David R. Porcelle, relators, have filed a motion for leave to file a petition for writ of mandamus against the Honorable John Devine, respondent.[1] Shannon and Porcelle allege that Judge Devine abused his discretion by quashing their deposition by written questions and subpoena duces tecum. We agree with relators and grant their motion for leave to file. *See* TEX.R.APP.P. 121(c).[2]

This mandamus arises out of a suit Shannon and Porcelle filed against David Robert Coover and his son Jordan Travis Coover, the real parties in interest, based on the theories of negligence and negligent entrustment. In their original petition, Shannon and Porcelle allege that Travis Coover drove his father's car into the rear of a car in which Porcelle was the driver and Shannon, his

1. The underlying suit is *Shannon v. Coover,* No. 95–000485 (190th Dist.Ct., Harris County, Tex., filed Jan. 5, 1995).

2. Relators should immediately make the additional deposit for costs required by Texas Rule of Appellate Procedure 13. *See* TEX.R.APP.P. 121(e).

fiancee, was a passenger, allegedly causing them injury.

As part of their discovery, Shannon and Porcelle served State Farm Insurance Company, the Coovers' insurer, with a notice of intention to take a deposition by written questions and a subpoena duces tecum. *See* TEX.R.CIV.P. 201, 208. The subpoena requested the following documents:

The entire contents of the file relating to State Farm Insurance Policy # C035149D3053F, including, but not limited to a copy of the Policy including all endorsements in the name of David Coover and Jordan Travis Coover.

Any and all documents relating to Claim # 53–U207156, including any investigation conducted by State Farm Insurance, or its representatives, including, but not limited to:

a. Any statements made by any party, witness, police officer, or any other person, written or otherwise;

b. Any and all photographs of the vehicles involved in the accident.

The Coovers filed a motion to quash the deposition by written questions and subpoena duces tecum, arguing that (1) the documents in State Farm's possession are privileged because State Farm has a legal obligation to defend the Coovers and, thus, State Farm's files are similar to an attorney's files and (2) Shannon and Porcelle could obtain the documents directly from the Coovers, rather than from State Farm. The motion to quash was not verified, and the Coovers did not file any supporting evidence such as an affidavit or tender any documents under seal for an in camera inspection.

Shannon and Porcelle filed an objection to the motion to quash and contended that (1) the Coovers had not produced any evidence to substantiate their claim of privilege and (2) no rule of law requires Shannon and Porcelle to obtain the documents directly from the Coovers, rather than from State Farm. The motion to quash was submitted on July 24, 1995 without an oral hearing, and

Judge Devine on July 28, 1995 granted the motion to quash.[3]

■ A party that seeks to exclude any matter from discovery on the basis of an exemption or immunity from discovery must specifically plead the particular exemption or immunity and produce evidence supporting such claim in the form of affidavits or live testimony at a hearing. TEX.R.CIV.P. 166b(4); *Humphreys v. Caldwell,* 888 S.W.2d 469, 470 (Tex.1994). The burden is on the party asserting a privilege from discovery to produce evidence concerning its applicability. *Humphreys,* 888 S.W.2d at 470. The Coovers have produced no evidence to support their claim of privilege. Furthermore, we reject the Coovers contention that Shannon and Porcelle must obtain the documents directly from the Coovers, rather than from State Farm. Texas Rules of Civil Procedure 201 and 208(1) specifically allow discovery from *any person.* Although the Coovers claim in their brief in opposition to the petition for writ of mandamus that the subpoena duces tecum was overbroad, the Coovers did not object in the trial court that the subpoena duces tecum was unreasonable, oppressive, or overbroad. *See* TEX.R.CIV.P. 177a. An objection to discovery must be made by the date on which answers are to be served or the objection is waived, unless the objecting party has obtained an extension of time or good cause is shown for the failure to make a timely objection. TEX.R.CIV.P. 166b(4). The Coovers have therefore waived any objection that the subpoena duces tecum is overbroad. Accordingly, we hold that Judge Devine abused his discretion in granting the motion to quash.

■ Before we decide whether mandamus relief is appropriate, we must determine whether Shannon and Porcelle have an adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). We hold they do not have an adequate remedy by appeal because the trial court has disallowed discovery and the missing discovery cannot be made part of the appellate record as the

---

**3.** Judge Devine was not able to review any of the documents because the Coovers did not tender

them under seal for an in camera inspection.

■■■■■■■■■■■■■■■■

Coovers did not comply with Texas Rule of Civil Procedure 166b(4). *See id.* at 843–44.

For the above reasons, we conclude that Shannon and Porcelle have established their right to relief by mandamus. We conditionally grant Shannon and Porcelle's request for mandamus relief and order Judge Devine to vacate his July 28, 1995 order granting the motion to quash. The writ will issue only if Judge Devine does not comply.