NO. 12-04-00163-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

§

IN RE: NOE MANUEL OCHOA AND
CHRISTOPHER HOYA,                                   §     ORIGINAL PROCEEDING
RELATORS

§





MEMORANDUM OPINION
            Relators Noe Manuel Ochoa and Christopher Hoya seek a writ of mandamus ordering the
trial court to vacate its letter order dated March 22, 2004 granting a motion to compel discovery
responses, which was filed by Edith Mills and Billy F. Mayfield, the real parties in interest. Relators
also filed a motion for emergency relief requesting a stay of the underlying proceeding, including
discovery, pending our disposition of their mandamus petition. We deny all requested relief. 

Background
            Real Party in Interest Edith Mills sued Relator Noe Manuel Ochoa alleging that she was rear-ended by Ochoa and sustained injuries to her neck, back, and shoulders. In his answer, Ochoa
averred that Mills suffered from pre-existing conditions, which in whole or in part caused and
contributed to her alleged injuries and damages. Real Party in Interest Billy F. Mayfield sued Relator
Christopher Hoya alleging that he was rear-ended by Hoya and sustained injuries to his neck, back,
and shoulders. Mayfield’s answer also included allegations of pre-existing conditions.
            Mills and Mayfield served Ochoa and Hoya with interrogatories, which included the
following:
 
Interrogatory No. 21. Please state whether or not it is your contention that the Plaintiff sustained any
injury prior, or subsequent to the injury made the basis of this lawsuit. If the answer to this
Interrogatory is in the affirmative, please state the date and place of such injury and describe such
injury.
 
Interrogatory No. 22. Please state whether or not it is your contention that the Plaintiff suffers from
any condition prior to or subsequent to the injury made the basis of this lawsuit. If the answer to this
Interrogatory is in the affirmative, please state the date such condition began and describe it.
 
Ochoa and Hoya objected to the two interrogatories, and Mills and Mayfield filed a motion to
compel responses. Ochoa and Hoya filed a brief in response to the motion to compel and also
asserted the core work product privilege set forth in Texas Rules of Civil Procedure 192.5(b)(1). 
After hearing oral arguments, the trial court granted the motion to compel and issued a letter order
on March 22, 2004.

Availability of Mandamus
            Mandamus is “an extraordinary remedy, available only in limited circumstances.” Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). A writ of mandamus will issue to correct a trial court’s
clear abuse of discretion. Id. at 839. “[A] clear failure by the trial court to analyze or apply the law
correctly will constitute an abuse of discretion....” Id. at 840. 
            In addition to showing an abuse of discretion, the relator must show that he has no other
adequate remedy at law. Id. A party will not have an adequate remedy by appeal when the appellate
court would not be able to cure the trial court’s discovery error. Ford, 988 S.W.2d 721; Walker, 827
S.W.2d at 843. Once privileged information has been inspected, examined, and reproduced, a
subsequent holding that the trial court erroneously issued the order could never cure the error. See
Walker, 827 S.W.2d at 843; Kern, 840 S.W.2d at 734. Therefore, mandamus may issue if the trial
court erroneously compels the production of information protected by the work-product privilege. 
Humphreys v. Caldwell, 888 S.W.2d 469, 471 (Tex. 1994).

Abuse of Discretion
            In general, a party may obtain discovery regarding any matter that is relevant to the subject
matter in the pending action, whether it relates to the claim or defense of the party seeking discovery
or the claim or defense of any other party. Tex. R. Civ. P. 191.1. A party’s legal contentions and
the factual bases for those contentions are discoverable. Tex. R. Civ. P. 192.3(j). Even if made or
prepared in anticipation of litigation or for trial, information discoverable under Rule 192.3
concerning a party’s contentions is not work product protected from discovery. Tex. R. Civ. P.
192.5(c)(1). A party may request by disclosure or interrogatory the opinion or contentions of the
other party. Tex. R. Civ. P. 194.2(c) (party may request disclosure of legal theories and factual bases
of responding party’s claims or defenses); Tex. R. Civ. P. 197.1 (interrogatory may ask responding
party to state legal theories and to describe in general the factual bases for its claims or defenses). 
However, neither method may be used to require the responding party to marshal all of its available
proof. Tex. R. Civ. P. 194.2(c); Tex. R. Civ. P. 197.1.
            Both Ochoa and Hoya have pleaded pre-existing conditions as a defense to the claims
asserted against them. Interrogatories 21 and 22 are contention interrogatories permitted by the rules. 
See Tex. R. Civ. P. 192.3(j); Tex. R. Civ. P. 192.5(c)(1); Tex. R. Civ. P. 197.1. However, Ochoa
and Hoya contend that Mills and Mayfield have equal access to the medical records and should be
able to determine for themselves any prior or pre-existing injuries. The rules contain no such
limitation on the use of contention interrogatories, nor have Ochoa and Hoya cited us to any
authority for their argument. 
            Ochoa and Hoya also assert that the timing of the requested discovery is critical because the
value of the requested information at this point in the litigation is for impeachment. Moreover, they
urge us to delay any required disclosure until after Mills’s and Mayfield’s depositions have been
taken. Again, the rules contain no such limitation on the use of contention interrogatories, and we
decline to impose such a limitation here. 

Conclusion
            The Texas Rules of Civil Procedure permit the use of contention interrogatories. Therefore,
Ochoa and Hoya have not shown that the trial court abused its discretion in granting the motion to
compel responses to interrogatories 21 and 22. Accordingly, the motion for emergency relief is
overruled, and the petition for writ of mandamus is denied.
                                                                                                     DIANE DEVASTO 
                                                                                                               Justice

Opinion delivered May 28, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.

(PUBLISH)