In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00021-CR
______________________________


 
 
EX PARTE: DAVID INFANTE
 
 


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 16,842-2001-A


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          David Infante was charged in six separate cases: there were four separate
indictments charging him with aggravated sexual assault, and there were two separate
indictments charging him with indecency with a child. The State elected to try the cases
separately and first proceeded in trial court cause number 16,843-2001-A. The jury found
Infante "not guilty" of aggravated sexual assault in that case. Infante subsequently filed
applications for pretrial writs of habeas corpus, alleging that collateral estoppel and double
jeopardy principles barred prosecution of the remaining five cases. The trial court denied
relief in each case, and Infante now appeals.
          This appeal concerns only the charge of aggravated sexual assault in trial court
cause number 16,842-2001-A. The five causes were appealed separately, but the parties
have briefed the issues together. 
          Since the briefs and arguments raised therein are identical in each appeal, for the
reasons stated in Ex parte Infante, No. 06-04-00020-CR, we likewise affirm the trial court's
judgment.
 
                                                                           Donald R. Ross
                                                                           Justice
 
Date Submitted:      November 4, 2004
Date Decided:         November 5, 2004

Do Not Publish



n style="font-family: 'Arial', sans-serif">          There are a number of problems with this attempted appeal. 
          First, the case became final when the agreed judgment was signed September 9,
2004 (not 2005). Rule 26.1 of the Rules of Appellate Procedure requires the notice of
appeal to be filed within thirty days of that date in order to invoke the jurisdiction of this
Court. Tex. R. App. P. 26.1. None was. The notice of appeal was also well outside the
six-month time frame permitted for bringing a restricted appeal. See Tex. R. App. P.
26.1(c).



          Second, if we assumed that Lipscomb was attempting to appeal from the March 29,
2005, order denying his motion for summary judgment, even if it were appealable, the
notice of appeal was filed after the expiration of the thirty-day time frame for a regular
appeal and after the expiration of the six-month time frame for a restricted appeal. See id.
          Third, even if the trial court's plenary power were still alive (which is impossible on
these facts), the denial of a motion for summary judgment is not an appealable order. 
Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994) (orig. proceeding). 
          In short, it is clear that the appealable order in this case was signed September 9,
2004. The notice of appeal was untimely and does not invoke the jurisdiction of this Court.
          We dismiss the appeal for want of jurisdiction.



                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      January 24, 2006
Date Decided:         January 25, 2006