In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-304 CV


____________________



IN RE RICHARD R. BURROUGHS






Original Proceeding






OPINION


 Relator, Richard R. Burroughs, attorney of record for a non-party fact witness to the
underlying lawsuit, seeks a writ of mandamus compelling the trial court to vacate its order
compelling Burroughs to appear for a deposition and produce certain documents. We hold
the trial court abused its discretion in ordering the oral deposition of the attorney on the
subject matter of the litigation without first requiring a showing that less intrusive discovery
methods were unavailable to obtain the information sought. See In re Baptist Hosps. of S.E.
Tex., 172 S.W.3d 136, 145 (Tex. App.--Beaumont 2005, no pet.). We conditionally grant the
writ.

 Burroughs represented Donna Biehle in the recovery of personal injury and property
damages she suffered as a result of a head-on collision with a vehicle driven by Eleanor
Lawson, the real party in interest. Lawson collided with Biehle allegedly in an effort to
avoid hitting a vehicle driven by Elbert Doyle Todd. State Farm, who insured Lawson and
Todd, settled Biehle's claims against both insureds without the necessity of filing suit. 

 Lawson brought suit against Todd for negligence and Biehle, a non-party to the suit,
was deposed as a fact witness. In her deposition, Biehle expressed her opinion that Todd was
not at fault in the accident. On cross-examination, Biehle admitted that she made a claim
against Todd's insurance company and the insurance company compensated her for her
injuries. To impeach Biehle's testimony regarding Todd's lack of liability in the accident,
Lawson sought information regarding statements Burroughs made to State Farm concerning
his legal theory of Todd's liability by filing a notice of intention to take Burroughs's oral
deposition with subpoena duces tecum. Lawson requested that Burroughs furnish copies of
demand letters he sent to State Farm on behalf of his client, copies of any settlement checks,
releases, photographs and video tapes depicting the scene of the accident, and
correspondence between Burroughs and State Farm. Burroughs filed a motion to quash the
notice of deposition with subpoena duces tecum. After a hearing, the trial court denied the
motion to quash and ordered that Burroughs make himself available for deposition and
furnish the requested documents. The trial court's amended order does not specify the areas
of questions to be permitted of Burroughs. Burroughs brings this writ of mandamus to vacate
the court's order. 

 Mandamus will issue to correct an abuse of discretion if there is no other adequate
remedy at law. See Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). 
The trial court's failure "'to analyze or apply the law correctly will constitute an abuse of
discretion . . . .'" In re E.I. DuPont de Nemours & Co., 136 S.W.3d 218, 223 (Tex. 2004)
(orig. proceeding) (quoting Walker, 827 S.W.2d at 839). When a trial court orders disclosure
of privileged information, the aggrieved party lacks an adequate remedy by appeal and
mandamus will lie. See Huie v. DeShazo, 922 S.W.2d 920, 928 (Tex. 1996) (orig.
proceeding) (citing Walker, 827 S.W.2d at 843). 

 In this case, Lawson sought to impeach Biehle's deposition testimony regarding her
opinion of Todd's lack of fault in the accident "by establishing the statements that her
attorney made and the actions he took on her behalf to obtain her compensation from Mr.
Todd's insurance carrier." Lawson made no showing that less intrusive discovery methods
were unavailable to obtain the discovery sought. The trial court's order compelling
Burroughs to present himself for the oral deposition contained no limitation as to subject
matter and failed to protect against disclosure of attorney work product. 

 As we have recently noted, compelling a deposition of an opposing party's attorney
of record concerning the subject matter of the litigation is generally inappropriate, as work
product concerns are implicated. See In re Baptist Hosps., 172 S.W.3d at 140. The Texas
Rules of Civil Procedure protect work product from discovery and distinguish between core
work product and non-core product. Tex. R. Civ. P. 192.5(b). "Core work product, which
is not discoverable, is defined as the work product of an attorney, or his representative, that
contains the attorney's mental impressions, opinions, conclusions, or legal theories." In re
Baptist Hosps., 172 S.W.3d at 141 (citing Tex. R. Civ. P. 192.5(b)(1)). "If a court orders the
discovery of non-core work product pursuant to Rule 192.5(b)(2), the court 'must - - insofar
as possible - - protect against disclosure of the mental impressions, opinions, conclusions,
or legal theories not otherwise discoverable.'" Id. (quoting Tex. R. Civ. P. 192.5(b)(4)). As
further noted in In re Baptist Hosps.:

 Work product that does not fall within "core work product" may be
discoverable, but "only upon a showing that the party seeking discovery has
substantial need of the materials in the preparation of the party's case and that
the party is unable without undue hardship to obtain the substantial equivalent
of the material by other means." 


Id. (quoting Tex. R. Civ. P. 192.5(b)(2)). Significantly, for our purposes, we further observe
that the work product privilege is of continuing duration. See Humphreys v. Caldwell, 888
S.W.2d 469, 471, (Tex. 1994). Therefore, we find it appropriate to extend our holding in In
re Baptist Hosps. to the facts and circumstances here. Thus, consistent with In re Baptist
Hosps. and the Texas Rule of Civil Procedure, a showing of "substantial need" and "undue
hardship" must be initially proven. Thereafter, the scope of the questioning permitted must
be specified and a protective order entered so as to guard against disclosure of any core work
product or other privileged information. See In re Baptist Hosps., 172 S.W.2d at 145-46
(citing Tex. R. Civ. P. 192.5(b)(4)). In the instant case, there was apparently no attempt to
restrict the scope of Burroughs' deposition or the materials he was to produce. Thus, under
the facts and circumstances presented, the trial court abused its discretion in ordering
Burroughs' deposition. 

 Burroughs argues that certain material he was ordered to produce, such as copies of
demand letters he sent to State Farm on behalf of his client, copies of settlement checks and
releases, photographs and videotapes depicting the scene of the accident, and his
correspondence with the insurance company are shielded from production by attorney-client
privilege. Documents that have been disclosed to third parties are generally not confidential
communications within the meaning of the attorney-client privilege. See Tex. R. Evid.
503(a)(5). We find only that the real party in interest has not shown she is entitled to
production of such items via the method she sought--oral deposition. "Written discovery
requests may be less intrusive [than oral depositions] because they do not require an attorney
to make an immediate decision on whether a question involves work product or attorney-client privilege . . . ." In re Baptist Hosps., 172 S.W.3d at 145; see generally Tex. R. Civ.
P. 205. We conditionally grant mandamus relief and will issue the writ only if the trial court
does not vacate its amended order of June 13, 2006. 

 WRIT CONDITIONALLY GRANTED.

 PER CURIAM

Submitted July 31, 2006

Opinion Delivered September 21, 2006



Before McKeithen, C.J., Gaultney and Kreger, JJ.