**Petition Denied and Memorandum Opinion filed June 11, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00375-CV

---

## OSCAR GARCIA, Appellant

### V.

## NANCY GARCIA, Appellee

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2018-52009**

---

## MEMORANDUM OPINION

Appellant Oscar Garcia petitions this court to allow a permissive interlocutory appeal of the trial court's April 23, 2019 order denying his motion for summary judgment in favor of appellee Nancy Garcia. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). We deny the petition.

### I. BACKGROUND

Nancy Garcia owns a house in Houston, Texas, which was awarded to her as

her sole property (the "property") in her divorce from Oscar Garcia. Nancy alleged that she took out two home-equity loans from Oscar. *See* Tex. Const. art. XVI, § 50(a)(6). Oscar disputed that the loans are home-equity loans under the Texas Constitution. After Nancy defaulted on the loans and did not pay the matured debt, Oscar sought to foreclose on the property. Nancy then filed for Chapter 7 bankruptcy and was discharged of her debts a few months later.

Nancy and Oscar subsequently entered into a Rule 11 agreement regarding the sale of the property. Tex. R. Civ. P. 11. After Nancy failed to obtain a contract for the sale of the property pursuant to the agreement, Oscar again sought to foreclose on the property. Nancy requested and was granted injunctive relief enjoining Oscar from posting for non-judicial foreclosure, performing a trustee's sale or other foreclosure sale, transferring, alienating, encumbering or otherwise altering or affecting title to the Property.

Nancy also sought a declaratory judgment that: (1) Oscar failed to cure the constitutional defects in the loan documents; (2) the mortgage lien void is because it does not comply with the requirements of the Texas Constitution for a home equity loan; (3) Oscar forfeited all principal and interest on the subject note; and (4) Oscar must reimburse Nancy for all payments previously made on the note.

Oscar moved for summary judgment arguing, among other things, that res judicata and judicial estoppel barred Nancy's claims because she did not raise her constitutional claims or otherwise challenge the validity of the mortgages when Nancy was in Chapter 7 bankruptcy.[1]

On February 26, 2019, the trial court signed the order denying Oscar's motion

---

[1] Although Oscar asserted additional grounds in his motion for summary judgment, Oscar does not brief those grounds in his petition.

for summary judgment. On April 23, 2019, the trial court signed the following order, in part, allowing Oscar to appeal from the interlocutory order denying his motion for summary judgment:

> **IT IS FURTHER ORDERED** that the Court permits the Defendant to appeal the Order denying his motion for summary judgment. The Court finds that the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.
>
> **IT IS THEREFORE ORDERED** that the Court grants Defendant's request to appeal the Order denying Defendant' s motion for summary judgment dated February 26, 2019.
>
> **IT IS FURTHER ORDERED** that the Defendant's claim for equitable subrogation is still pending before the Court and will be abated until after the final resolution of Defendant's interlocutory appeal of the Order denying Defendant's motion for summary judgment dated February 26, 2019.

Oscar filed his petition for permissive interlocutory appeal in this court.

## ANALYSIS

Appellate courts do not have jurisdiction over interlocutory appeals in the absence of a statutory provision permitting such an appeal. *Narazi v. State*, 561 S.W.3d 495, 510 (Tex. 2018); *Undavia v. Avant Med. Grp., P.A.*, 468 S.W.3d 629, 632 (Tex. App.—Houston [14th Dist.] 2015, no pet). An order denying a summary judgment is generally not appealable because it is an interlocutory order, not a final judgment. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (orig. proceeding) (per curiam). Garcia seeks permission to pursue an appeal of the trial court's order under Texas Civil Practice and Remedies Code section 51.014(d), which provides as follows:

(d) On a party's motion or on its own initiative, a trial court in a civil

3

action may, by written order, permit an appeal from an order that is not otherwise appealable if:

(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). The trial court's permission must be stated in the interlocutory order to be appealed. *See* Tex. R. Civ. P. 168. In its statement of permission as to an interlocutory appeal under section 51.014(d), a trial court must (1) identify the controlling question of law as to which there is a substantial ground for difference of opinion and (2) state why an immediate appeal may materially advance the ultimate termination of the litigation. Tex. R. Civ. P. 168; *Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 543−44 (Tex. App.— Houston [14th Dist.] 2015, no pet.). When the trial court has permitted the appeal from an interlocutory order that otherwise would not be appealable, the party seeking to appeal must petition the court of appeals for permission to appeal. Tex. R. App. P. 28.3(a).

Section 51.014(d) is not intended to relieve the trial court of its role in deciding substantive issues of law properly presented to it. *City of Houston v. Proler*, No. 14-16-00030-CV, 2016 WL 1047889, at *4 (Tex. App.—Houston [14th Dist.] Mar. 15, 2016, no pet.) (mem op.) The trial court first must make a substantive ruling on the controlling legal issue being appealed. *See id.*

The trial court denied Oscar's traditional motion for summary judgment without explanation. The order permitting an interlocutory appeal does not set forth a controlling issue of law to be decided. Even assuming that the trial court had identified a controlling issue of law, the order does not include a ruling by the trial court on a controlling issue of law.

4

Because the record does not show that the trial court ruled on a controlling question of law, we cannot grant Oscar's petition for permissive interlocutory appeal. Accordingly, we deny Oscar's petition for permissive interlocutory appeal.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Spain and Poissant.