

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00187-CV

———————————————

DAVID LYNN, Appellant

V.

RONALD FERGUSON, Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-331430-22

Before Bassel, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant David Lynn, appearing pro se, attempts to appeal from (1) the trial court's order granting Appellee Ronald Ferguson's summary motion to remove lien pursuant to Texas Property Code Section 53.160 and (2) the trial court's interlocutory order denying Lynn's motion for summary judgment. Ferguson has filed a "Motion to Dismiss for Lack of Jurisdiction," and Lynn has filed a response. After reviewing the motion to dismiss and the response, we agree with Ferguson that the appeal should be dismissed for lack of jurisdiction.

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). Additionally, under Texas Property Code Section 53.160(e), "[i]f the court determines that the movant is entitled to remove the lien, the court shall enter an order removing the lien claimed in the lien affidavit. A party to the proceeding may not file an interlocutory appeal from the court's order." Tex. Prop. Code Ann. § 53.160(e).

Here, the trial court's interlocutory order denying Lynn's motion for summary judgment is not one of the interlocutory orders made immediately appealable by Section 51.014(a). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a); *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (orig. proceeding) (holding denial of summary judgment is not appealable). And an appeal from the trial court's order

granting Ferguson's summary motion to remove lien is prohibited by the property code. *See* Tex. Prop. Code Ann. § 53.160(e).[1] Accordingly, we dismiss this appeal for lack of jurisdiction.[2]

Per Curiam

Delivered: August 11, 2022

---

[1]In his response, Lynn argues that "[e]ven if the C.O.A. feels the orders are not permanent and the appeal interlocutory, under the permissive appeal standard the appeal . . . must be granted." Lynn's request, however, fails to meet each requirement set forth in Texas Rule of Appellate Procedure 28.3(a), (e). *See* Tex. R. App. P. 28.3(a), (e); *see, e.g.*, *Shannon v. Hall*, No. 03-13-00312-CV, 2013 WL 4516144, at *2 (Tex. App.—Austin Aug. 22, 2013, no pet.) (mem. op.) (holding that interlocutory order was not appealable under Section 51.014's permissive-appeal mechanism in the absence of a trial court order granting permission to appeal).

[2]Lynn separately filed a motion to extend the time for filing his brief and several days later tendered his brief. In light of our disposition of the appeal, we deny Lynn's motion for extension as moot.