

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00873-CV

Rosalinda Salinas **BALDERAS**, et al.,
Appellants

v.

Anna Maria Salinas **SAENZ**, et al.,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-04-120(B)
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  January 30, 2013

REVERSED AND REMANDED

The underlying cause was severed from another cause.  As a result of the severance, the only issue in the underlying cause is whether the appellants are entitled to damages for royalties that allegedly were owed to the appellants but paid to the appellees.  The appellees moved for a no-evidence summary judgment which the trial court granted.  We reverse the trial court's judgment and remand the cause for further proceedings.

**BACKGROUND**

Both the appellees and appellants have a common source of title to their mineral interests. Juan and Ines Salinas owned 1,284 acres of land and a 15/32 mineral interest in those acres. After conveying 150 acres of the land, and the 15/32 mineral interest therein, to one of their sons, Octavio, Juan and Ines conveyed the remaining acres, and the mineral interest therein, to all of their twelve children (Horacio, Ester, Juana, Octavio, Adan, Asencio, Arnaldo, Flavio, Emma, Hermila, Leoncio, and Ramiro), such that each owned an undivided 1/12 interest in the land and the mineral interest. The children then entered into a Partition Agreement. The validity of the Partition Agreement was challenged in the original cause, and the appellants, who were defendants in the original cause, filed a counter-claim alleging that the appellees were overpaid royalties based on the oil and gas companies' failure to recognize the correct ownership of the mineral interest. That counter-claim was later severed into the underlying cause.

The oil and gas lease in question covered 352 acres of land. In their counter-claim, the appellants alleged the 352 acres included: (1) the 150 acre tract conveyed to Octavio in which he owned the entire 15/32 mineral interest previously owned by Juan and Ines; (2) a 136 acre tract of land in which Octavio owned an 11/12 mineral interest and Juana owned a 1/12 mineral interest; and (3) a 66 acre tract of land in which Flavio owned an 11/12 mineral interest and Juana owned a 1/12 mineral interest. The appellants alleged the overpayment to the appellees resulted from the oil and gas companies paying royalties based on an erroneous belief that Juana owned a 1/11 mineral interest in each of the three above-described tracts of land.

The appellees filed a no-evidence motion for summary judgment, asserting the appellants could not raise a fact issue on whether the appellees were overpaid royalties. This no-evidence motion for summary judgment was included as a portion of a single motion, which contained both the original and severed cause numbers in its style and which addressed issues pending in

both causes.  The appellants filed a response to the motion.  Although the appellants' response listed only the original cause number in its style, the trial court's order states that the response was considered.  After a hearing on the motion, the trial court granted the motion as to the overpaid royalties claim and ordered that the appellants take nothing on that claim.

### NOTICE OF SETTING

In their first issue, appellants contend that they did not receive notice of the summary judgment hearing in the severed cause because the trial court's notice of setting contained the cause number of only the original cause.  Lack of sufficient notice in a summary judgment proceeding is a non-jurisdictional defect.  *Torres v. Garcia*, 04-11-00822-CV, 2012 WL 3808593, at *2 (Tex. App.—San Antonio Aug. 31, 2012, no pet.) (mem. op.); *Nguyen v. Short, How, Frels & Heitz, P.C.*, 108 S.W.3d 558, 560 (Tex. App.—Dallas 2003, pet. denied).  If a party receives notice that is untimely, but sufficient to enable the party to attend the summary judgment hearing, the party must: (1) file either a motion for continuance or raise the complaint of late notice in writing, supported by affidavit evidence; and (2) raise the issue before the trial court during the summary judgment hearing.  *Fertic v. Spencer*, 247 S.W.3d 242, 247 (Tex. App.—El Paso 2007, pet. denied); *Nguyen*, 108 S.W.3d at 560.  If a party is not given any notice of the hearing, the complaint must be raised in a post-trial motion to preserve error.  *Nguyen*, 108 S.W.3d at 560–61; *May v. Nacogdoches Mem. Hosp.*, 61 S.W.3d 623, 626–27 (Tex. App.—Tyler 2001, no pet.).  In this case, whether the appellants are held to have received no notice or insufficient notice, they waived their complaint by either failing to raise the issue before the trial court or failing to raise the issue in a post-trial motion.  Appellants' first issue is overruled.

### SUMMARY JUDGMENT AFFIDAVITS

Appellants also contend the trial court erred in striking the affidavits attached to their summary judgment response.  We agree.

1. Substance of Affidavits and Objections

Three affidavits were attached to the appellants' response. The affidavits were from representatives of the three oil and gas companies that paid royalties on the 352-acre lease. The first company to pay royalties was Thorp Petroleum Corporation, and the affidavit of Thorp's landman, John McGill Cheesman, was one of the affidavits attached to the response.

Cheesman stated that he personally reviewed Thorp's records relating to the alleged overpayments. Cheesman stated that Thorp paid the appellees royalties based on a title opinion which stated that their collective interest was 1/11 of 15/32 mineral ownership in the entire 352 acre tract, and paid the appellants royalties based on the same title opinion which stated that their collective interest was 10/11 of 15/32 mineral ownership in the entire 352 acre tract. Cheesman further stated:

> I have been informed that the title opinion was erroneous in two respects. First, I understand that the [appellees] were only entitled to 1/12 (not 1/11) of the 15/32 of the royalties from the production from the Salinas Gas Unit [the 352 acre tract]. Second, the title opinion failed to recognize that 150 acres of the 352 acre unit was owned solely by Octavio Salinas.

Cheesman concluded that the two errors resulted in the appellees being overpaid and attached a spreadsheet to calculate the amount of the overpayment. The affidavits from the representatives of the other two oil and gas companies stated that they paid royalties in the same manner as the royalties were paid by Thorp.

The appellees made two verbal objections to appellants' affidavits at the summary judgment hearing. First, the appellees objected on the basis of hearsay. Second, the appellees objected that Cheesman's reliance on what he was informed with regard to the title opinion was not based on personal knowledge.

### 2. Hearsay

An objection to the form of an affidavit must be made in writing.[1] *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979); *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 383 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *see generally* Timothy Patton, *Summary Judgments in Texas* § 6.03[7][b] (3d ed. 2012). An objection that an affidavit contains hearsay is an objection to form.[2] *S & I Mgmt., Inc. v. Choi*, 331 S.W.3d 849, 855 (Tex. App.—Dallas 2011, no pet.); *Tri-Steel Structures, Inc. v. Baptist Foundation of Tex.*, 166 S.W.3d 443, 448 (Tex. App.—Fort Worth 2005, pet. denied). "An oral hearsay objection to a summary judgment affidavit is a nullity." Timothy Patton, *Summary Judgments in Texas* § 6.03[7][b] (3d ed. 2012). "The trial court errs by sustaining an oral objection, and the appellate court will consider the affidavit as if no objection had been made." *Id*.

Accordingly, the trial court erred in striking the appellants' affidavits based on the appellees' verbal hearsay objection.[3]

### 3. Personal Knowledge

The Texas Supreme Court has held that the testimony of a witness lacking personal knowledge amounts to no evidence. *Ketlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008).

---

[1] The appellees cite this court's decision in *Browne v. City of San Antonio*, No. 04-11-00219-CV, 2012 WL 11756, at *4 (Tex. App.—San Antonio Jan. 4, 2012, no pet.) (mem. op.), to contend that this court has rejected the argument that an objection is waived if made orally at the summary judgment hearing. In *Browne*, however, this court was discussing an objection to the affidavit being conclusory, which is a defect of substance that does not require an objection, as opposed to a defect of form which requires an objection. 2012 WL 11756, at *4.

[2] The appellees cite this court's opinion in *Wells Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2010, no pet.), asserting in their brief that this court held in *Stafford* that "a defect in an affidavit is substantive if the factual statements in the affidavit are 'obviously based on hearsay.'" We disagree with the appellees' reading of *Stafford*. The appellees appear to be relying on a general statement in the opinion that a defect is formal if the factual statements are "not obviously based on hearsay." *Id*. In this court's analysis, however, this court disagreed that a hearsay objection raised by the appellant was a substantive defect, holding, "This is at most a defect of form." *Id*.

[3] We also note that the trial court's ruling on an objection to summary judgment evidence must also be reduced to writing and signed by the trial court. *S & I Mgmt., Inc.*, 331 S.W.3d at 855. In this case, the trial court's order does not contain a ruling on the verbal objections which is the reason the appellees cite the reporter's record to refer to the trial court's ruling.

Therefore, it would appear that lack of personal knowledge is a substantive defect. *See generally* Timothy Patton, *Summary Judgments in Texas* § 6.03[5][d] (3d ed. 2012). We will therefore assume for purposes of this opinion that the appellees have not waived our consideration of this objection by only verbally objecting in the trial court.

In this case, Cheesman stated in his affidavit that he has personal knowledge of the facts contained therein and had been informed that the title opinion was erroneous. Cheesman's reliance on other sources from which he gathered his knowledge does not violate the personal knowledge requirement. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 224 (Tex. 2004); *Waterman Steamship Corp. v. Ruiz*, 355 S.W.3d 387, 402 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *Teal v. State*, 230 S.W.3d 427, 432 (Tex. App.—San Antonio 2007, no pet.); *see generally* Timothy Patton, *Summary Judgments in Texas* § 6.03[5][a] (3d ed. 2012) (stating that affiant basing testimony on knowledge acquired through conversations does not violate personal knowledge requirement, although it could present a hearsay problem). Accordingly, the trial court also erred in striking Cheesman's affidavit on this basis.

## EVIDENCE OF OVERPAYMENT

Having concluded that the trial court erred in striking Cheesman's affidavit, we must determine whether the affidavit was sufficient to defeat the appellees' no-evidence summary judgment. In reviewing the granting of a no-evidence summary judgment, we apply the same legal sufficiency standard as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* at 751.

In this case, Cheesman admitted in his affidavit that Thorp paid the appellees royalties based on an erroneous title opinion and explained the errors which led to the overpayment.

Cheesman also attached a spreadsheet with a calculation of the amount of the overpayment. Cheesman's affidavit, therefore, contains more than a scintilla of probative evidence to raise a genuine issue of material fact with regard to appellants' claim that the appellees were overpaid royalties. Accordingly, the trial court erred in granting the no-evidence summary judgment.

## CONCLUSION

The trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice