

**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

November 19, 2025

The Honorable Gary Gates
Chair, House Committee on Land and Resource Management
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

> **Opinion No. KP-0504**
>
> Re: Commissioners Court authority to select a firm to assist with redrawing precinct lines pursuant to Chapter 42, Texas Elections Code (RQ-0597-KP)

Dear Representative Gates:

You ask about the Fort Bend Commissioners Court's authority to select and contract with a firm to assist it in redrawing the County's election precinct boundaries.[1] You explain that a state representative alerted the County's Commissioners Court in February that it "fail[ed] to fulfill [its] obligation to review and redistrict [election] precincts in accordance with the . . . Election[] Code," resulting in "precincts falling outside the population limits set [by] state law." Request Letter at 1–2. In response, "the Commissioners Court took swift action by voting to redraw the precinct maps and allocating the necessary funds." *Id.* at 1. A disagreement has arisen, however, between the Commissioners Court and the County Attorney regarding whether the former has "the authority to choose the firm that would assist with redrawing the precincts."[2] *Id.* Specifically, we understand your reference to a "firm" to concern an outside law firm, and the disagreement stems from the County Attorney's assertion that her office has exclusive authority to advise, or select the law firm to advise, the Commissioners Court with redistricting county election precincts.[3] *See id.* at 1–2.

On that background, you ask two questions. First, you ask whether "the Commissioners Court [has] the legal authority to select a firm to assist with redistricting county election

---

[1] *See* Letter from Hon. Gary Gates, Chair, H. Comm. on Land & Res. Mgmt., to Hon. Ken Paxton, Tex. Att'y Gen. at 1–2 (Apr. 25, 2025), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2025/RQ0597KP.pdf ("Request Letter").

[2] *See* Brief from Hon. Bridgette Smith-Lawson, Fort Bend Cnty. Att'y, to Hon. Ken Paxton, Tex. Att'y Gen. at 1, 12, 14 (May 27, 2025) ("Fort Bend County Attorney Brief") (on file with the Op. Comm.).

[3] We presume the dispute exists because the law firm would be hired to provide legal services to the Commissioners Court regarding its redistricting duties. *See* Request Letter at 1.

precincts."[4] *Id.* at 2. You then ask whether a county attorney may "unilaterally make the decision to contract a firm of their choice, without a formal order from the [c]ommissioners [c]ourt." *Id.* Consistent with your request, we focus our analysis on Fort Bend County. *See id.* at 1–2.

**Both commissioners courts and other elected county officials exercise power over county affairs.**

Your questions highlight the interplay between one particular elected county official, the county attorney, and the commissioners court. *See id.* The commissioners court serves "as the county's principal governing body," *Comm'rs Ct. of Titus Cnty. v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997), which consists of elected commissioners and an elected county judge, *see* TEX. CONST. art. V, §§ 15, 18(b). It "exercise[s] such powers and jurisdiction over all county business, as is conferred by [the Texas] Constitution and the laws of the State." *Id.* § 18(b). This includes express powers as well as those implied "power[s] necessary to accomplish its assigned duty." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). A commissioners court's powers are varied, implicating "aspects of legislative, executive, administrative, and judicial functions." *Agan*, 940 S.W.2d at 79. Ultimately, the performance of these responsibilities may not be "frustrate[d]" by other elected county officials. *See* Tex. Att'y Gen. Op. No. KP-0111 (2016) at 4.

But a commissioners court's powers are not the only ones protected by state law. The "management and control of . . . [a] [c]ounty's business affairs" is also shared among the other elected county officials. *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961). Elected county officials—also "possess[ing] only such powers as are expressly conferred upon them by law or are necessarily implied from the powers so conferred," Tex. Att'y Gen. Op. No. GA-0709 (2009) at 2—maintain a "sphere [of authority] . . . within which the [c]ommissioners [c]ourt may not interfere or usurp." *Pritchard & Abbott*, 350 S.W.2d at 335. That "sphere . . . consists of the officer's core duties under the Texas Constitution and statutes." *Harris Cnty. v. Coats*, 607 S.W.3d 359, 377 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Core duties are those that are "exclusively assigned by state law to a particular officer." Tex. Att'y Gen. Op. No. KP-0492 (2025) at 2. Excluded from this sphere are "discretionary duties" that fall outside the core duties, *Griffin v. Birkman*, 266 S.W.3d 189, 197 (Tex. App.—Austin 2008, pet. denied), to which the commissioners court may delegate to an "appropriate county official," Tex. Att'y Gen. Op. No. KP-0492 (2025) at 2 (quoting *Agan*, 940 S.W.2d at 80–81). This all generally reduces to the reality that both commissioners courts and other elected county officials are entrusted with powers over county affairs, and each must be able to exercise its respective powers without the other improperly interfering. *Cf., e.g.*, Tex. Att'y Gen. Op. No. KP-0111 (2016) at 3–4.

---

[4] A brief received in response to your request suggests that there is also a disagreement related to redistricting commissioners precincts. *See* Brief from Hon. W.A. Meyers, Fort Bend Cnty. Comm'r Precinct 3, to Op. Comm. at 1 (rec'd Oct. 2, 2025) (on file with the Op. Comm.). We nonetheless limit this opinion to election precincts, as that is the focus of your request. *See* Request Letter at 1–2; *see also* Tex. Att'y Gen. Op. No. GA-0762 (2010) at 4 n.5 ("[O]ur opinions are limited to the specific questions asked by an authorized requestor.").

**The commissioners court may employ an outside law firm of its own choice to assist in fulfilling its redistricting duties under Chapter 42 of the Election Code without interfering with or usurping the county attorney's statutory duties.**

Some of a commissioners court's powers over county affairs are found in Chapter 42 of the Election Code. As you correctly point out, this chapter tasks commissioners courts with establishing, reviewing, and redistricting county election precincts. *See* Request Letter at 1–2. *See generally* TEX. ELEC. CODE §§ 42.001–.037. The chapter imposes various requirements for election precincts, including population requirements. *See* TEX. ELEC. CODE § 42.006. Commissioners courts are charged with regularly reviewing these precincts for compliance with, among others, the population requirements in section 42.006 so that it can "order the boundary changes necessary for compliance." *Id.* § 42.031(a); *see also id.* § 42.031(b) (explaining when a boundary change may be ordered). It is these "obligations" that you tell us the Commissioners Court initially failed to "fulfill" but now seeks law firm assistance to carry out. *See* Request Letter at 1–2.

The notion that a commissioners court may hire a law firm to assist it in carrying out its responsibilities has been recognized for over a century. *See Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 863 (Tex. 1993); *see also, e.g.*, *City Nat. Bank v. Presidio Cnty.*, 26 S.W. 775, 777 (Tex. App. 1894, no writ). This authority stems from a commissioners court's "implied power to accomplish its constitutional and statutory directives," Tex. Att'y Gen. Op. No. GA-0153 (2004) at 3, consistent with "its authority to control and manage the finances and business affairs of the county," *Adams v. Seagler*, 250 S.W. 413, 413 (Tex. 1923). *See also, e.g.*, *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941) ("[The commissioners court] is the general business and contracting agency of the county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute."). Indeed, "[a]s the administrative head of county government, a commissioners court also possesses broad implied powers to . . . contract with experts when necessary, including attorneys." *Guynes*, 861 S.W.2d at 863 (citations omitted); *see also Teal v. State*, 230 S.W.3d 427, 432 (Tex. App.—San Antonio 2007, pet. denied) (discussing the retention of private counsel). The selection of counsel,[5] of course, is necessarily encompassed by a commissioners court's settled "discretion [to] choose the method of hiring attorneys it deems most beneficial to the [public]" and "set the terms of a contract with outside counsel." *Guynes*, 861 S.W.2d at 864; *see also Teal*, 230 S.W.3d at 432.

But there is one exception: A commissioners court's hiring of counsel may not interfere with or usurp the statutory duties of other officials, including the county attorney. *See Guynes*, 861

---

[5] In counties with a population of more than two million, however, the commissioners court's authority to employ an attorney as special counsel does not come with the power to choose that counsel. TEX. LOC. GOV'T CODE § 89.001(c); *see also, e.g.*, *Driscoll v. Harris Cnty. Comm'rs Ct.*, 688 S.W.2d 569, 582 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (recognizing this limitation on commissioners courts' authority). But Fort Bend County does not meet this population threshold. U.S. CENSUS BUREAU, https://data.census.gov/profile/ Fort_Bend_County,_Texas?g=050XX00US48157 (last visited Sept. 15, 2025) (listing the County's population as of the last federal decennial census as 822,779); *see also* TEX. GOV'T CODE § 311.005(3) (defining "[p]opulation" for statutory construction purposes as "the population shown by the most recent federal decennial census"). Furthermore, even with a qualifying population size, legal assistance for redistricting election precincts is not one of the functions for which a special counsel may be employed. *See* TEX. LOC. GOV'T CODE § 89.001(b)(1)–(3).

S.W.2d at 863–64; *see also, e.g.*, Tex. Att'y Gen. Op. No. KP-0492 (2025) at 6. "[A] commissioners[] court may not delegate the county attorney's duties or employ outside attorneys to the exclusion of the county attorney." *Teal*, 230 S.W.3d at 432. The retention of an outside law firm to the exclusion of the county attorney for representation in a matter falling within the county attorney's "exclusive domain" would usurp his or her duties. *See Guynes*, 861 S.W.2d at 864.

This ultimately returns us to the underlying question: whether the commissioners court would usurp the county attorney's statutory duties by hiring a law firm to assist with its redistricting duties under Chapter 42. "The Texas Constitution obligates county attorneys to 'represent the State in all cases in the District and inferior courts in their respective counties,' unless a county is included in a district with a district attorney—in which case their 'respective duties' are to 'be regulated by the Legislature.'" Tex. Att'y Gen. Op. No. KP-0492 (2025) at 3 (quoting TEX. CONST. art. V, § 21). Fort Bend County has both a county attorney and district attorney, TEX. GOV'T CODE §§ 43.181 (district attorney), 45.179 (county attorney), and the Legislature has done nothing to change that representation of the county in "its general legal business" is typically not a prescribed duty of county or district attorneys, *Guynes*, 861 S.W.2d at 864 (quoting *Hill Farm, Inc. v. Hill Cnty.*, 425 S.W.2d 414, 419 (Tex. App.—Waco 1968, writ granted), *aff'd*, 436 S.W.2d 320 (Tex. 1969)). Instead, the Government Code makes clear that the county attorney's "primary duty" is "to represent the state, Fort Bend County, and the officials of the county in all civil matters pending before the courts of Fort Bend County and any other courts in which the state, Fort Bend County, or the county officials have matters pending." TEX. GOV'T CODE § 45.179(a). This language—found in similar statutes governing other county attorneys—has been said to create an exclusive right. *See Guynes*, 861 S.W.2d at 863 n.1 (referencing Harris County's corresponding statute); *Cascos v. Cameron Cnty. Att'y*, 319 S.W.3d 205, 227–28 (Tex. App.—Corpus Christi 2010, no pet.), *abrogated on other grounds by In re State Bd. for Educator Certification*, 452 S.W.3d 802 (Tex. 2014) (referencing as much for similar statutes for multiple counties, including Fort Bend County). The County Attorney therefore invokes this statute to support the belief that her office has the exclusive power to advise, or hire outside counsel to advise, the Commissioners Court on redistricting election precincts. *See* Fort Bend County Attorney Brief at 2, 4, 10, 12. We disagree.

Subsection 45.179(a) must be read "to give effect to the Legislature's intent, 'which we ascertain from the plain meaning of the words used in the statute.'" *Brazos Elec. Power Coop., Inc. v. Tex. Comm'n on Env't Quality*, 576 S.W.3d 374, 383–84 (Tex. 2019) (quoting *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 404 (Tex. 2016)). That "plain meaning" is "informed by the context in which the enacted text appears," *Am. Pearl Grp., L.L.C. v. Nat'l Payment Sys., L.L.C.*, 715 S.W.3d 383, 387 (Tex. 2025), and we strive to "give effect to all" text without "treat[ing] any statutory language as mere surplusage," *State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006). Undefined terms typically carry their "common, ordinary meaning," which may be determined by dictionaries, "unless a contrary meaning is apparent from the statute's language." *Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 34–35 (Tex. 2017).

It goes without saying that a "civil matter" must be "pending" before a "court[]" to fall within the scope of a county attorney's exclusive authority. TEX. GOV'T CODE § 45.179(a). Though the statute does not define "court," *id.*, that term is commonly understood to mean "a person or

body of persons whose task is to hear and submit a decision on cases at law," THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 430 (3d ed. 1992); *accord* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 267 (10th ed. 1997) (same, referencing the "transaction of judicial business")—i.e., "[a]n organ of the government, belonging to the judicial department, whose function is the application of the laws to controversies brought before it and the public administration of justice," BLACK'S LAW DICTIONARY 352 (Deluxe 6th ed. 1990).

To be sure, a commissioners court's power can implicate "*aspects* of . . . judicial functions." *Agan*, 940 S.W.2d at 79 (emphasis added). They share in "[t]he judicial power of this State," TEX. CONST. art. V, § 1, and the Legislature has granted them limited contempt authority,[6] TEX. LOC. GOV'T CODE § 81.023. But the foregoing "does not render *all* actions of a commissioners[] court judicial in character." *Camacho v. Samaniego*, 954 S.W.2d 811, 824 (Tex. App.—El Paso 1997, writ denied) (emphasis added). Article V, section 1 of the Texas Constitution has long been described as "over-inclusive,"[7] and a "commissioners court[] . . . is not generally, if ever, exercising judicial power." *Daves v. Dallas Cnty.*, 22 F.4th 522, 537–38 (5th Cir. 2022); *see also, e.g.*, *Scout Energy Mgmt., LLC v. Indian Springs Cattle Co.*, No. 07-21-00031-CV, 2021 WL 5150995, at *4 (Tex. App.—Amarillo Nov. 5, 2021, no pet.) (mem. op.) (characterizing "the decision to close [a] road and convey title to the land" as "a mere executive decision," rather than "an exercise of any judicial function by the commissioners court"). Ultimately, "the commissioners court is an administrative body *without* substantial judicial functions" that often acts as "a court in name *only*." *Diaz v. Cantu*, 123 F.4th 736, 747 (5th Cir. 2024) (emphases added); *accord Hays Cnty. v. Hays Cnty. Water Plan. P'ship*, 106 S.W.3d 349, 360 (Tex. App.—Austin 2003, no pet.) ("Although commissioners courts do have the word 'court' in their title, they do not perform the same functions as the courts of the judiciary.").

This reality sits comfortably alongside prior opinions emphasizing the need for *judicial* proceedings when confronted with statutes requiring representation "in all matters pending before . . . courts." Tex. Att'y Gen. Op. No. JM-198 (1984) at 2–3; *accord* Tex. Att'y Gen. Op. No. JM-633 (1987) at 6 (same, "all civil matters"); *cf. also, e.g.*, Tex. Att'y Gen. Op. No. M-1030 (1971) at 2–3 (concluding commissioners courts were not governed by legislation pertaining to "[e]very court other than a justice court or municipal court," which spoke to those "exercising strictly judicial powers"). Several appellate courts have observed similarly. *Cf., e.g.*, *Holmes v. Eckels*, 731 S.W.2d 101, 103 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (explaining the Legislature "[c]learly" assigned the "prosecution of civil suits in Harris County to the county attorney" under a similar statute); *A.B.C. Rendering, Inc. v. State*, 342 S.W.2d 345, 347–48 (Tex. App.—Houston 1961, no writ) (acknowledging representation in "civil proceedings").

---

[6] Granted, the power to punish contempt is not *exclusively* judicial. *See, e.g.*, TEX. GOV'T CODE §§ 665.005(3), .027(a)(3) (recognizing contempt authority of the Texas House and Senate); TEX. NAT. RES. CODE §§ 81.053(5), .064(c) (same, Railroad Commission); TEX. LOC. GOV'T CODE § 143.120(g) (same, Fire Fighters' and Police Officers' Civil Service Commission).

[7] *See generally* GEORGE D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 365, 451 (1977) (observing that commissioners courts are "not a functional part of the state judicial system," and noting that "there is little to be said for the holding that [a commissioners court] is a regular court" (quoting Preston Shirley, *County Commissioners' Court—A Court or An Administrative Body?*, 11 TEX. L. REV. 518, 521 (1933))).

Moreover, a commissioners court does not act in a judicial capacity when fulfilling its redistricting duties under Chapter 42 of the Election Code. Redistricting has long been characterized "as the exercise of legislative or quasi-legislative power." *Tarrant Cnty. v. Ashmore*, 635 S.W.2d 417, 423 (Tex. 1982); *see also, e.g.*, *Petteway v. Galveston Cnty.*, No. 3:22-CV-00057, 2023 WL 3452065, at \*4 (S.D. Tex. May 15, 2023); *Concerned Citizens for Equal v. McDonald*, 863 F. Supp. 393, 394–95 & n.6 (E.D. Tex. 1994); Tex. Att'y Gen. Op. No. GA-0348 (2005) at 4. For good reason too: Redistricting does not bear the hallmarks of a judicial undertaking—i.e., "ascertaining facts against which to apply the law for purposes of resolving a legal dispute" or "litigation between parties requiring investigation into facts and application of law to them." *Scout Energy Mgmt.*, 2021 WL 5150995, at \*4. It follows that the law firm you describe would be assisting with the commissioners court's *legislative* function under Chapter 42, not representing the commissioners court in a *judicial* forum,[8] and requiring the county attorney's involvement under the guise of subsection 45.179(a) would serve only to frustrate the commissioner court's authority—not vice versa. *See Guynes*, 861 S.W.2d at 864; Tex. Att'y Gen. Op. No. GA-0153 (2004) at 9; *see also Cascos*, 319 S.W.3d at 230–31.

The Fort Bend County Attorney, as well the Harris County Attorney,[9] apply cases like *Driscoll v. Harris County Commissioners Court* too broadly. Fort Bend County Attorney Brief at 5–6; Harris County Attorney Brief at 3. *Driscoll* sought to harmonize a statute that expressly required county attorney input on specified brands of outside-counsel employment—a provision now contained in Local Government Code section 89.001,[10] which has no bearing on your request—with another provision that permitted the employment of private counsel on the same subject matter. 688 S.W.2d at 579–82. Unsurprisingly, the court held that the county attorney's express role in this scheme could not be ignored. *Id.* at 582.

Cases like *Guynes* and *Cascos* prove similarly unavailing. *Contra* Harris County Attorney Brief at 3–4. Neither purported to analyze the breadth of "civil matter pending before the courts," whether in subsection 45.179(a) or similar statutes, and instead highlighted that jurisdiction-specific statutes mark the boundary of county attorneys' representative rights.[11] *See Guynes*, 861 S.W.2d at 862–63 & n.1; *Cascos*, 319 S.W.3d at 227–28. Even more, *Guynes* observed that county and district attorneys are not ordinarily charged with "represent[ing] the county in its general legal business" before confirming that the commissioners court could validly "employ counsel to advise it concerning the affairs of the county." 861 S.W.2d at 864.

---

[8] This belies the need to detail the scope of a "civil matter." *See generally* TEX. GOV'T CODE § 45.179(a).

[9] *See* Brief from Jonathan Fombonne, Harris Cnty. Deputy Att'y & First Assistant, to Hon. Ken Paxton, Tex. Att'y Gen. at 1, 3–5, (rec'd Sept. 26, 2025) ("Harris County Attorney Brief") (on file with the Op. Comm.).

[10] *See supra* note 5.

[11] Our recent opinion in KP-0492 proves no differently. *Contra* Harris County Attorney Brief at 4. We cited *Cascos* solely for the proposition that the Legislature may specify the duties of county attorneys. Tex. Att'y Gen. Op. No. KP-0492 (2025) at 3 (citing *Cascos*, 319 S.W.3d at 227–28). Nothing in that opinion can be read to imply that subsection 45.179(a) grants a county attorney the exclusive right to provide legal counsel—let alone outside of "civil matters pending before the courts," TEX. GOV'T CODE § 45.179(a)—any time a commissioners court must consider the law. *See* Tex. Att'y Gen. Op. No. KP-0492 (2025) at 3–4.

Nor does section 41.007 of the Government Code prevent a commissioners court from seeking outside legal counsel in the situation you describe. Under that provision, "[a] . . . county attorney, *on request*, shall give to a county or precinct official of his . . . county a written opinion or written advice relating to the official duties of that official." TEX. GOV'T CODE § 41.007 (emphasis added). This "impose[s] a duty upon the county . . . attorney[]" rather than "a restriction upon the commissioners[] court in the employment of attorneys to advise and render services . . . in important matters coming before it for its consideration." *Gibson v. Davis*, 236 S.W. 202, 212 (Tex. App.—Galveston 1921, no writ) (construing the predecessor of section 41.007, which had the similar "request" language). The words "on request" presents a commissioners court with "the *option* of utilizing the [c]ounty [a]ttorney's [o]ffice." *Cascos*, 319 S.W.3d at 231 (emphasis added). As such, section 41.007 neither provides exclusive authority to a county attorney to provide legal advice nor bars the use of outside legal counsel to provide such advice.[12] *See* Tex. Att'y Gen. Op. No. GA-0153 (2004) at 5; *see also Cascos*, 319 S.W.3d at 232.

### The County Attorney may not unilaterally contract with a law firm of her choice to "assist" with the Commissioners Court's redistricting duties under the Election Code.

Your second question queries whether the County Attorney may unilaterally contract with an outside law firm of her own choosing to assist with the Commissioners Court's redistricting duties under the Election Code. Request Letter at 2. A commissioners court "is the general business and contracting agency of the county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute."[13] *Anderson*, 152 S.W.2d at 1085. Again, this includes "the authority to contract with experts when necessary, including attorneys," *Guynes*, 861 S.W.2d at 863, which inherently includes the discretion of *who* to contract with, *see Anderson*, 152 S.W.2d at 1085. A county official, on the other hand, "has no authority to make contracts that are binding on the county, except where he is specially so authorized to do [so] by statute." *Id.*

The County Attorney appears to suggest that her office's hiring authority provides unilateral authority to contract with a firm of her own choosing to assist with the redistricting duties. *See* Fort Bend County Attorney Brief at 11–12. We understand this argument to presume that the exclusive authority under subsection 45.179(a) applies. *See id.* As explained earlier,

---

[12] We recognize that GA-0074 and JM-1281 concern counties with statutes comparable to subsection 45.179(a) and suggest that legal advice on any civil matter, regardless of whether it was pending before a court, falls within the county attorney's exclusive ambit. *See* Tex. Att'y Gen. Op. Nos. GA-0074 (2003) at 1–3, 5, JM-1281 (1990) at 1, 5–6. But neither opinion undertook any analysis of "civil matters pending before the courts," which was present in the governing statutes. *See* Tex. Att'y Gen. Op. Nos. GA-0074 (2003) at 2–3, JM-1281 (1990) at 2–11. These opinions also disregarded the "on request" language found in section 41.007 of the Government Code by either ignoring it, Tex. Att'y Gen. Op. No. GA-0074 (2003) at 1–4, or asserting the perceived purpose of that language without coordinate support in law, Tex. Att'y Gen. Op. No. JM-1281 (1990) at 7 (omitting any mention of *Gibson*). As a result, both GA-0074 and JM-1281—in addition to others that echo their analysis, *e.g.*, Tex. Att'y Gen. Op. No. GA-0545 (2007) at 3 (recognizing but distinguishing GA-0074)—are overruled to the extent inconsistent with this opinion.

[13] To the extent your request references the Professional Services Procurement Act, *see* Request Letter at 2, we note that it does not apply to legal services, TEX. GOV'T CODE § 2254.002(2) (defining "[p]rofessional services"). Furthermore, we do not read you request to implicate contingency-fee work and offer no discussion of the associated statutory framework. *See generally* TEX. GOV'T CODE §§ 2254.101–.110.

however, that is incorrect.[14] *See supra* pp. 3–6. The Commissioners Court may select and contract with an outside law firm to assist it with its redistricting duties under Chapter 42, *id.*, and the County Attorney may not unilaterally contract with a law firm of her choice to "assist" with the Commissioners Court's statutory obligation.

---

[14] Even more, we note that a county attorney's hiring authority is not generally unilateral. *See, e.g.*, TEX. GOV'T CODE § 45.179(h) (predicating a county attorney's appointment of assistants on commissioners court approval).

## S U M M A R Y

The Fort Bend Commissioners Court may hire an outside law firm of its own choice to assist it in fulfilling its redistricting duties under Chapter 42 of the Election Code without interfering with or usurping the Fort Bend County Attorney's statutory duties.

The County Attorney may not unilaterally contract with an outside law firm of her choice to assist the Commissioners Court in carrying out its redistricting duties under Chapter 42 of the Election Code.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

AMANDA K. ROMENESKO
Assistant Attorney General, Opinion Committee